# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARK MAUSERT, et al.,

    Plaintiffs,

v.

COUNTRYWIDE HOME LOANS, INC., et al.,

    Defendants.

Case No. 3:09-CV-233-KJD-VPC

**ORDER**

Currently pending before the Court is Defendants Countrywide Financial Corp., and Countrywide Home Loans, Inc.'s (referred to jointly as "Countrywide") Motion to Dismiss (#21). Plaintiffs filed a Response in opposition (#29), to which Defendants filed a Reply (#37). Also pending before the Court is Defendant Bank of America Corporation's ("Bank of America") Motion to Dismiss (#20). Plaintiffs filed a Response in opposition (#26), to which Bank of America filed a Reply (#36). Additionally before the Court is Defendant Mortgage Electronic Registration System, Inc.'s ("MERS") Motion to Dismiss (#18). Plaintiffs filed a Response in Opposition (#27), to which MERS filed a Reply (#33).

**I. Background**

Plaintiffs Mark Mausert and Veronika Lucie Zdenkova ("Plaintiffs") filed their Complaint in this Court on April 1, 2009, arising from their purchase of a single-family residence in 2006, in Washoe County, Nevada. Plaintiffs' loan for the purchase was originated by Countrywide, who became the holder of the note and administered the loan. Plaintiffs aver that Countrywide defrauded them at the time they mortgaged their home because Plaintiffs were not informed that Countrywide's "predatory, unethical and/or unsound lending practices" would destabilize the nation's housing market and ultimately cause Plaintiffs' home to lose value. (#1-2 at 2.) The Complaint avers that

Defendant Bank of America is the successor-in-interest of Defendants Countrywide, and that Bank of America "ratified the acts and omissions of the other Defendants." (Id. at 3.)

The Complaint additionally names MERS, alleging *inter alia* that MERS acted together with the other Defendants to "engage in predatory and unfair lending practices . . . to prop up a scheme to generate bonuses and corporate profits." (Id.)

The Complaint brings nine claims for relief: (1) Fraud Through Omission; (2) Quiet Title; (3) Breach of the Duty of Good Faith and Fair Dealing; (4) Tortious Breach of the Duty of Good Faith and Fair Dealing; (5) Civil Conspiracy; (6) Racketeering in violation of NRS § 207.470; (7) Unjust Enrichment; (8) Conspiracy to Commit Fraud Related to MERS system; and (9) Injunctive Relief. Defendants' Motions each seek that the Court dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted.

## II. Background Regarding Multi-District Litigation

On March 26, 2010, a Certified Copy of Multidistrict Litigation and Transfer Order (#44) was filed in this action by the United States Judicial Panel on Multidistrict Litigation ("MDL"). According to the Order, this action was transferred to the District of Arizona and assigned to the honorable Judge James A. Teilborg ("Judge Teilborg"). Specifically, the Order stated that "[a]ll claims unrelated to the formation and/or operation of the MERS system are separated and simultaneously remanded to the District of Nevada." (#44 at 1.) Subsequent to said transfer, this action was stayed, and Judge Teilborg required the parties involved in the MDL to brief the issue of which claims, if any, in each of the various cases, relate to the formation and/or operation of MERS. (See #49 at 2.) After the issue had been fully briefed, an Order was issued in the MDL case, setting forth which claims were transferred—and remain under the jurisdiction of the MDL court—and which claims remained in their respective transferor courts pursuant to the Panel's Order that simultaneously remanded all claims unrelated to the formation and/or operation of the MERS system.

1    A copy of Judge Teilborg's Order was filed in this action (see #49) by MERS (per Order of
2    Judge Teilborg) on March 21, 2011.  With respect to this case, Judge Teilborg's Order found claims
3    1-4 and 8, and parts of claims 5–7, and 9, remain with Judge Teilborg, and that parts of claims 5–7,
4    and 9 were remanded to this Court.  With respect to the claims that were remanded to the transferor
5    courts, the Defendants were ordered to answer or otherwise respond to said claims within fifteen
6    days of the filing of the Order in the transferor court.

7    Because the Defendants in the underlying case filed their respective Motions to Dismiss prior
8    to the MDL transfer, the Court examines said Motions in accordance with Judge Teilborg's Order,
9    first to ascertain which parts, if any, of claims 5–7, and 9 have been remanded.  Then, the Court will
10   examine Defendants' Motions to Dismiss in light of the respective remanded claims.  Specifically,
11   this Court examines only the parts of the remanded claims that do not relate to the formation and/or
12   operation of MERS.

13   **III. Standard of Law for Motion to Dismiss**

14   Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a plaintiff's complaint for "failure
15   to state a claim upon which relief can be granted."  A properly pled complaint must provide "a short
16   and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.
17   8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not require
18   detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation
19   of the elements of a cause of action."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan
20   v. Allain, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the
21   speculative level."  Twombly, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint
22   must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  Iqbal,
23   129 S. Ct. at 1949 (internal citation omitted).

24   In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to
25   apply when considering motions to dismiss.  First, the Court must accept as true all well-pled factual
26   allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.

Id. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  Id. at 1949.  Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  Id. at 1950.  A claim is facially plausible when the Plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  Id. at 1949.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible, Plaintiff's complaint must be dismissed.  Twombly, 550 U.S. at 570.

**IV. Discussion**

As stated above, though each party's respective motion seeks to dismiss the Complaint in its entirety, this Court only examines Defendants' Motions pertaining to the claims that have been remanded to this Court.  For the sake of judicial economy, the Court will deny Defendants' Motions to dismiss as to all transferred claims, without prejudice, allowing the Parties to refile, pending the MDL Court's ruling.  The Court grants dismissal on the remaining claims as follows:

**A. Countrywide and Bank of America**

*1. Civil Conspiracy Claim*

Count five of Plaintiffs' Amended Complaint alleges civil conspiracy between Defendant Countrywide and "other members of MERS".  (#1-2 at ¶ 47.)  Defendants Countrywide and Bank of America aver that Plaintiffs' civil conspiracy claim, should be dismissed as to them because Plaintiffs have not pled facts that, if true, would establish a conspiracy between Countrywide or Bank of America and any other party.

To state a claim for conspiracy, Plaintiffs must demonstrate  a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose of harming another, and that damage has resulted from said act or acts.  See Hilton Hotels Corp. v. Butch Lewis Prods., Inc., 862 P.2d 1207, 1210 (Nev. 1993).

4

Here, the Court finds that Plaintiffs' allegations of civil conspiracy are unclear and lacking in particularity, thus making it difficult to ascertain what the alleged conspiracies actually are.  To the degree that claim five alleges that Countrywide or Bank or America conspired with other parties in the origination of Plaintiffs' loan by failing to disclose material terms of the loan, the Court finds that the Complaint fails to set forth the elements constituting a plausible conspiracy for "a pair of non-MERS-related violations", as the claim is supported only by conclusory statements.  (#49 at 6.)  All other parts of Plaintiffs' fifth claim for relief remain with the MDL court.  (See #49 at 3, 6.)

*2. Racketeering*

Racketeering acts in a federal civil RICO cause of action must be pled with specificity.  Hale v. Burkhardt, 764 P.2d 866 (Nev. 1988).  For example, the court in Bache Halsey Stuart Shields v. Tracy Collins Bank, 558 F.Supp. 1042 (C.D. Utah 1983), ruled that the "factual basis" of acts of racketeering must be "set out with particularity."  Bache Halsey, 558 F.Supp. at 1045–46; see also Bamco 18 v. Reeves, 675 F.Supp. 826 (S.D.N.Y.1987).  Likewise, the Nevada Supreme Court has held that claims under Nevada's Racketeering statute, NRS § 207.470, must also be set forth with particularity.  Hale v. Burkhardt, 764 P.2d at 869.

Plaintiffs' Amended Complaint fails to allege when, where, or how any racketeering or criminal acts occurred.  Instead, the Complaint vaguely asserts that Countrywide "engaged in racketeering . . . via the predatory and abusive lending practices described herein."  (#1-2.)  Accordingly, to the degree that claim six alleges that Countrywide and Bank of America engaged in racketeering in violation of NRS § 207.470, the Court finds the Complaint lacking in specificity.  All other parts of Plaintiffs' sixth claim for relief remain with the MDL court.  (See #49 at 3.)

*3. Unjust Enrichment*

Under Nevada law, a party cannot claim unjust enrichment where an express contract exists between the parties.  Leasepartners Corp. v. Robert L. Brooks Trust, 942 P.2d 182, 187 (Nev. 1997). In Leasepartners, the Nevada Supreme Court found that, "[a]n action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be

implied when there is an express agreement." Id.  It is undisputed that the mortgage contract at issue governs Plaintiffs' relationship with Countrywide and/or Bank of America.  Accordingly, the Court finds that Plaintiffs' unjust enrichment claim is dismissed as to Defendants Countrywide and Bank of America.

### *4. Injunctive Relief*

Plaintiffs' Ninth claim seeks that the Court grant injunctive relief against all Defendants, and is based in large part upon Plaintiffs' allegations of fraud and misrepresentation against all Defendants.  Accordingly, as the MDL court has ruled that all fraud and fraud related actions cannot be bifurcated, and remain before it, the Court hereby must deny injunctive relief.  The Court will entertain an additional motion for injunctive relief, pending Plaintiffs' ability to frame its motion upon the remanded claims presently before this Court.[1]

**B. MERS**

### *1. Civil Conspiracy Claim*

As with Defendants' Countrywide and Bank of America's Motions, the Court finds that Plaintiffs' Complaint lacks the requisite level of specificity to bring a claim for civil conspiracy against Defendant MERS regarding the origination of Plaintiffs' loan by failing to disclose material terms.  However, all other parts of Plaintiffs' fifth claim for relief remain with the MDL court and cannot be ruled upon here.  (See #49 at 3, 6.)

### *2. Racketeering*

Plaintiffs' racketeering claim does not mention MERS and refers only vaguely to Defendant Countrywide's racketeering activity and Bank of America's ratification thereof.  Thus, to the extent Plaintiffs intended to direct their racketeering claim against MERS, the claim fails because, as stated

---

[1] Defendant Bank of America joined the Countrywide Defendants' Motion to Dismiss.  (#20 at 2.)  Because the Court grants dismissal as to Countrywide's non-MERS related claims, it also grants Bank of America's Motion based upon the same arguments.  Accordingly, the Court refrains from ruling upon Bank of America's additional arguments brought pursuant to the National Bank Act, 12 U.S.C. § 371(a).

above, it does not identify any "crimes related to racketeering" which is required to state a claim for violation of Nevada's racketeering statute. NRS 207.360–390.

### *3. Unjust Enrichment*

Though Plaintiffs' claim for unjust enrichment is somewhat vague, it incorporates all proceeding paragraphs of the Complaint, including foreclosure proceedings which directly relate to the formation and operation of the MERS system. Additionally a broad reading of the term "illegal enterprise scheme" could incorporate Defendants' inability to foreclose due to MERS' role as a beneficiary on the deed of trust. Accordingly, the Court rejects Defendant MERS' Motion to Dismiss Plaintiffs' claim for unjust enrichment at this time, as it appears that the majority of Plaintiffs' unjust enrichment claim pertains to MERS and remains with the MDL court.

### V. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants Countrywide Financial Corp., and Countrywide Home Loans, Inc.'s Motion to Dismiss (#21) is **GRANTED** in part, and as set forth above.

**IT IS FURTHER ORDERED** that Defendant Bank of America Corporation's Motion to Dismiss (#20) ) is **GRANTED** in part, as set forth above.

**IT IS FURTHER ORDERED** that Defendant Mortgage Electronic Registration System, Inc.'s Motion to Dismiss (#18) is **GRANTED** in part as set forth above.

All other parts of Plaintiffs' Complaint remain with the MDL court.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Extend Time (#28) is **GRANTED**, nunc pro tunc.

DATED this 29th day of March, 2011.

_____
Kent J. Dawson
United States District Judge